```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

MARVIN CREEL, individually              CIVIL ACTION
and on behalf of all others
similarly situated

VERSUS                                  NO. 06-5146

HARTFORD INSURANCE COMPANY              SECTION "R"(5)
OF THE MIDWEST


     This order also applies to the following civil action.


CYNTHIA ANDERSON, wife/of and           CIVIL ACTION
FLETCHER ANDERSON, and FRANK
GERALD, individually and on
behalf of all others similarly
situated

VERSUS                                  NO. 06-5148

THE TRAVELERS PROPERTY                  SECTION "R"(5)
CASUALTY COMPANIES


### ORDER AND REASONS

Before the Court are motions to dismiss the above-listed cases under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because these motions concern identical questions of law, the Court has consolidated its ruling in these matters for

the sake of efficiency.  For the following reasons, the Court GRANTS defendants' motions.

I. **BACKGROUND**

Plaintiffs in these cases are Louisiana property owners who suffered damage to their property during Hurricane Katrina and who have sued their insurance providers, either Hartford Insurance Company of the Midwest or The Standard Fire Insurance Company,[1] under their homeowner's policies.  Specifically, these plaintiffs, who have styled their complaints as class action petitions for damages,[2] seek coverage under their respective policies for damages sustained to their "grounds" (*i.e.*, trees, shrubs, plants, and lawns) as a result of Hurricane Katrina.[3]  They have asserted claims for breach of contract, as well as claims under La. Rev. Stat. §§ 22:658 and 22:1220.  Defendants now move to dismiss plaintiffs' claims under Rule 12(b)(6) for failure to state a claim, arguing that the homeowner's policies

---

[1] Standard Fire is incorrectly named as Travelers Property Casualty Companies in plaintiffs' complaint in Civil Action No. 06-5148.

[2] Plaintiffs' motion for class certification in each case is set for hearing in September 2007.

[3] The Court notes that the complaints filed in these two actions are virtually identical, as are the subsequent filings.

at issue do not provide coverage for the specific damages that plaintiffs have alleged in these cases.

**II.   LEGAL STANDARD**

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff.  *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991).  The Court must resolve doubts as to the sufficiency of the claim in plaintiff's favor.  *Vulcan Materials Company v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001).  A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).  Dismissal is typically warranted only if it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief.  *Id.*; *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)).

**III. DISCUSSION**

Under Louisiana law, interpretation of a contract is the determination of the common intent of the parties. La. Civ. Code art. 2045. The Court must interpret each provision in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La. Civ. Code art. 2050. The issue whether a contract is ambiguous is a question of law. *See Slocum-Stevens Ins. Agency v. International Risk Consultants, Inc.*, 666 So. 2d 352, 357 (La. Ct. App. 1995) (citing cases). When the words of a contract are clear and unambiguous and do not lead to absurd consequences, the Court will discern the contract's meaning and the parties intent within the four corners of the document. La. Civ. Code arts. 1848, 2046; *see also American Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 813 (5th Cir. 1993); *Barrera v. Ciolino*, 636 So. 2d 218, 223-24 (La. 1994).

The Court construes the terms of an insurance policy according to their "general, ordinary, plain, and proper meaning . . . unless [they] have acquired a technical meaning." *Thermo Terratech v. GDC Enviro-Solutions, Inc.*, 265 F.3d 329, 334 (5th Cir. 2001) (citing *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So. 2d 759, 763 (La. 1994)). Moreover, "[a]n insurance policy should not be interpreted in an unreasonable or

4

strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by the terms or so as to achieve an absurd conclusion." *Carrier v. Reliance Ins. Co.*, 759 So. 2d 37, 43 (La. 2000).  When the language of an insurance policy is clear, the policy must be enforced as written.  *Thermo Terratech*, 265 F.3d at 334 (citing *Reynolds v. Select Props. Ltd.*, 634 So. 2d 1180, 1183 (La. 1994)).  If the language in the policy is ambiguous, it must be construed against the drafter of the policy.  *See id.* (citing *Oaks v. Dupuy*, 653 So. 2d 165, 168 (La. Ct. App. 1995)).

Plaintiffs in these actions seek a declaration from this Court that their Hartford and Standard Fire insurance policies include coverage for wind-related damage to their trees, shrubs, plants, lawns, and any other part of the "grounds" of their insured properties as a result of Hurricane Katrina.  The Court finds that the plain and unambiguous language used in defendants' insurance policies forecloses plaintiffs' arguments.  The Hartford and Standard Fire homeowner's policies are clear and specific with regard to their coverage for damage of the type asserted by plaintiffs.  They state:

> We cover trees, shrubs, plants or lawns, on the "residence premises," for loss caused by the following Perils Insured Against: Fire or lightning, Explosion, Riot or civil commotion, Aircraft, Vehicles not owned or operated by a resident of the

5

>  "residence premises," Vandalism or malicious mischief or Theft.
>
>  We will pay up to 5% of the limit of liability that applies to the dwelling for all trees, shrubs, plants or lawns.  No more than $500 of this limit will be available for any one tree, shrub or plant.  We do not cover property grown for business purposes.
>
>  This coverage is additional insurance.

(Civ. Action No. 06-5146, R. Doc. 11-3, at 9; Civ. Action No. 06-5148, R. Doc. 11-5, at 17).  Plaintiffs in these actions allege that the damage at issue "was a result of the effects of the severe winds of Hurricane Katrina."  (Compl., at ¶ 8).  The foregoing provision unambiguously demonstrates that wind is not listed as a covered peril for damage to trees, shrubs, plants, or lawns.  Further, although the policies contain one exception, that exception does not apply here.  The policies offer limited coverage for the removal of trees felled by windstorm "provided the tree(s) damages a covered structure."  (Civ. Action No. 06-5146, R. Doc. 11-3, at 9; Civ. Action No. 06-5148, R. Doc. 11-5, at 17).  Because plaintiffs do not allege that any of their trees damaged a covered structure,  this provision is inapplicable.  Thus, defendants' policies afford no coverage for wind damage to trees and other plants under the circumstances presented here.

The Court's conclusion is buttressed by the structure of defendants' policies.  In both policies, the "Trees, Shrubs, and

Other Plants" coverage is found under the "Additional Coverages" section.  It is separate from, and in addition to, the coverage provided for the dwelling, other structures, personal property, and loss of use.  In fact, under the dwelling coverage section, both of defendants' policies state: "This coverage does not apply to land, including land on which the dwelling is located."  (Civ. Action No. 06-5146, R. Doc. 11-3, at 7; Civ. Action No. 06-5148, R. Doc. 11-5, at 15).  It is therefore clear that the specific coverage found in the "Trees, Shrubs, and Other Plants" section is intended to be the only coverage provided for damage to those aspects of an insured's property.

Moreover, that both of defendants' policies define "insured location" as "residence premises" and in turn define "residence premises" as "the one family dwelling, other structures, and grounds" does not, as plaintiffs suggest, create coverage or an ambiguity with respect to the coverage provided for plaintiffs' "grounds."  As a court in this District recently stated in a virtually identical case, "When reading the policy as a whole, it is clear that the terms 'resident premises' and 'insured location' are important because they provide a geographic limit in which coverage exists. . . .  The definitions in and of themselves do not operate to create coverage . . . ."  *Proctor v. The State Farm Cos.*, No. 06-5145 (E.D. La. Feb. 5, 2007)

(dismissing similar claims against State Farm) (Feldman, J.). Thus, these definitions simply define the site where the covered property is located; they do not create uniform coverages for the insured location as a whole. For example, the policy covers "the dwelling *on the residence premises*," "other structures *on the residence premises*," and "trees, shrubs, plants, or lawns *on the residence premises*." (R. Doc. 11-3, at 2, 3, 4) (emphasis added). Thus, the definition of "insured location" does not create coverage here.

This holding is in accordance with several recent decisions in the Eastern District of Louisiana dismissing virtually identical claims by a proposed plaintiff class against different insurers who issued policies with similar "Trees, Shrubs, and Other Plants" coverage. *See Arieux v. Allstate Cos.*, No. 06-5144 (E.D. La. Apr. 2, 2007) (Fallon, J.); *Lane v. USAA Cas. Ins. Co.*, No. 06-5147 (E.D. La. Mar. 15, 2007) (Lemelle, J.); *Proctor v. The State Farm Cos.*, No. 06-5145 (E.D. La. Feb. 5, 2007) (Feldman, J.); *see also Carriere v. Hanover Am. Ins. Co.*, No. 06-4847 (E.D. La. Apr. 3, 2007) (granting summary judgment in favor of defendant on issue of whether costs of removing felled trees are covered under terms of homeowner's policy similar to those at issue in this case). Plaintiffs respond in a supplemental filing that these courts did not address one of their claims for

8

damages, namely "the cost to mitigate damages incurred, including, but not limited to, costs associated with preventing partially destroyed or damaged trees from harming persons and/or other structures on the 'residence premises.'" (Compl., ¶ 16d). Plaintiffs contend that defendants should be liable to them for these costs under the "Liability Coverages" section of defendants' policies because the broken treetops and branches present a hazardous condition that may subject plaintiffs and/or defendants to liability for injuries to third parties or damage to covered structures in the future.  The court addressed a similar argument in *Carriere*, concluding that

> [a] theoretical possibility that such an event might occur cannot extend the scope of the express coverage under the policy.  Such an interpretation would lead to absurd consequences - the imposition of liability coverage based on the possibility of the theoretical future occurrence of a personal injury causing damages.

*Carriere*, No. 06-4847, at 7.  This Court finds no reason to depart from this reasoning.  That plaintiffs can hypothesize a scenario in which current conditions on the property could result in liability in the future does not mean that defendants are liable to plaintiffs now to eliminate that threat.  Although prudent insurers might decide to pay such a claim, they are not required to do so under the unambiguous terms of their policies.

**IV.  CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss plaintiffs' claims under Rule 12(b)(6).

New Orleans, Louisiana, this 22nd day of May, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE